UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JEROME BAY BROTHER JULIUS BROWN**, <br><br>　　　　Plaintiff, <br><br>　　v. <br><br> **WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY**, *et al.*, <br><br>　　　　Defendants. | Civil Action No. 15-1408, 15-1409 (RDM) |

**MEMORANDUM OPINION AND ORDER**

　　Plaintiff Jerome Brown, proceeding *pro se*, sued Defendant Washington Metropolitan Area Transit Authority (WMATA) and others on February 2, 2015, in the Superior Court for the District of Columbia. *See* No. 15-1408, Dkt. 1-1. The Defendants removed to this Court on August 28, 2015. *See* No. 15-1408, Dkt. 1. Brown then filed a nearly identical complaint against the same defendants on February 3, 2015, in the Superior Court, *see* No. 15-1409, Dkt. 1-1, and Defendants again removed the action to this Court. *See* No. 15-1409, Dkt. 1. The Court consolidated the cases in a Minute Order on November 19, 2015. The complaints in both cases consist of a string of often unrelated words and names. It appears that Brown is asking for $30,000. He uses the phrase "false arrest" at one point, and he uses other phrases (such as "order denying as moot motion to amend complaint" and "fail to file notice of appearance as counsel") that might refer to court orders from other cases he has previously filed, but they—as far as the court can discern—are not relevant to this case.

Defendants moved to dismiss one of the cases on October 2, 2015, *see* No. 15-1409, Dkt. 9, and the other on October 13, 2015, *see* No. 15-1408, Dkt. 8.  In the second of the two cases, No. 15-1409, Brown filed an opposition to the motion to dismiss, but that brief, like the complaints, is incomprehensible.  *See* No. 15-1409, Dkt. 10.  On November 20, 2015, after consolidating the cases, the Court issued an Order that: (1) explained to Brown that he risked having the first of the cases dismissed if he did not oppose the motion to dismiss; (2) warned Brown that if he failed to address any particular argument raised by Defendants in either case, that argument may be treated as conceded; and (3) granted Brown nearly one month to file an opposition to the Defendants' motion to dismiss in the first case and to supplement his opposition in the second case.  *See* No. 15-1408, Dkt. 12.  In that same Order, the Court explained to Brown that his complaints were **not** in compliance with Federal Rule of Civil Procedure Rule 8(a) and that he should show cause why the Court should not dismiss the complaints for that reason.  *Id*. at 2–3.

On the same day that the Court ordered Brown to show cause why the cases should not be dismissed, it also issued a separate Minute Order directing the deputy clerk to send a copy of the Court's Order and the separate Minute Order to both the address listed on the docket sheet and another address found in the record.  *See* Minute Order, November 20, 2015.  The Court further ordered Defendants to email copies of these same documents to Brown.  *Id*.  The mail the Court sent was returned as undeliverable, and Brown has not provided any forwarding address.  Nor has he responded to the Court's November 20, 2015, Order.

Rule 8(a) requires that a "pleading that states a claim for relief" must include both "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support" and "a short and plain statement

of the claim showing that the pleader is entitled to relief." The Rule is designed to "give the defendant notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal quotation marks and citation omitted). The Court recognizes that complaints filed by *pro se* litigants are subject to more forgiving standards than those filed by members of the bar. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972). Even with that caveat, however, Brown's complaints fail to meet the standards of Rule 8(a) because they are not "plain." They do not explain or even state the basis for the Court's jurisdiction, the cause of action under which Brown sues, or any facts that could plausibly support a claim for relief. They are instead unintelligible filings by a litigant who is subject to pre-filing restrictions in two other federal district courts. *See Brown v. Chevy Chase Bank*, No. 3:10-cv-381, 2012 WL 8304344, at *1 (E.D. Va. July 3, 2012) (noting that Brown is subject to pre-filing restrictions in the District Court for Maryland and the District Court for the Eastern District of Virginia).[1] The Court will therefore *sua sponte* **DISMISS** the complaints without prejudice. *See Simmons v. Abruzzo,* 49 F.3d 83, 86 (2d Cir. 1995) (acknowledging that a district court may *sua sponte* dismiss a complaint under Rule 8(a) (citation omitted)); *Tanner v. Neal,* 232 Fed. App'x 924, 924–25 (11th Cir. 2007) (same); *see also Nicole v. Nat'l Savings & Trust Co.*, 250 F.2d 36 (D.C. Cir. 1957) (affirming a district court's dismissal of a complaint under Rule 8(a) because "[w]e cannot discover what claim the complaint is intended to make"); *Ciralsky v. CIA*, 355 F.3d 661, 668–69 (D.C. Cir. 2004) (finding no abuse of discretion where a district court dismissed a claim without prejudice for failure to comply with Rule 8(a)).

---

[1] Brown is also enjoined from filing cases in this Court *in forma pauperis*. *See Brown v. Lyons Lane Ltd. P'ship*, No. 10-mc-7, Dkt. 3 (D.D.C., Mar. 1, 2010).

The Court grants Brown leave to refile within 30 days an amended complaint that cures the existing deficiencies. Because the cases are redundant and have been consolidated, he need file only one amended complaint. But "[i]f Mr. [Brown] files an amended complaint that merely recycles the complaint presently before the Court it may be dismissed with prejudice." *Hamrick v. United Nations,* No. 10-857, 2010 WL 3324721, at *1 (D.D.C. Aug. 24, 2010) (internal quotation marks and citation omitted).

Because the Court has dismissed the complaint *sua sponte*, the Defendants' motions to dismiss, *see* No. 15-1408, Dkt. 8; No. 15-1409, Dkt. 9 are **DENIED** as moot.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  February 5, 2016